Per Curiam.

Plaintiffs’ action is for an accounting based on a written agreement of joint venture. The agreement provided that defendant Beck would contribute an invention and plaintiffs would furnish plant and capital to exploit the invention. Plaintiffs were to have a 55% interest in the venture and defendant 45%. Instead of supplying plant and capital themselves, plaintiffs arranged a contract between the parties and Beattie Manufacturing Company whereby Beattie undertook to manufacture items under the invention in return for 50% of the profits.
*750 Defendant Beck’s answer, containing counterclaims for reformation and dissolution of the agreement, asked for a dismissal of the complaint. It was stipulated on the trial that if defendant was not successful on his counterclaims, plaintiffs would be entitled to judgment on the complaint. The trial court rendered a decision and judgment dismissing the counterclaims and directing an accounting. The decision and judgment contain a provision charging plaintiffs on the accounting with the cost of supplying plant and capital for the joint venture, including the 50% of the profit due and payable to Beattie Manufacturing Company.
Plaintiffs challenge the judgment, contending that the court was not permitted under the stipulation to charge plaintiffs’ share of the profits with the cost of supplying plant and capital, and that plaintiffs are entitled to 55% of’ the profits returnable to the parties after Beattie received its share.
We do not read the stipulation as a consent by defendant Beck to plaintiffs’ claim as to their measure of damage or as foreclosing the court from determining the proper measure of damage. The issue on the stipulation was whether defendant was entitled to a dismissal of the complaint or plaintiffs were entitled to an accounting. We think that the finding in plaintiffs’ favor on that issue did not automatically establish plaintiffs’ measure of damage and that the court was entitled and warranted on the evidence to make the decision it did as to the basis of the accounting.
We also think, however, that the decision requires some clarification.
Had plaintiffs lived up to their agreement, the entire profit from the venture would have been available for sharing among plaintiffs and defendant Beck in the ratio of 55% to plaintiffs and 45% to Beck. Because of plaintiffs’ failure to carry out the agreement, they must be charged with the cost of supplying plant and capital or its equivalent which presumably is the 50% share of the profits taken by Beattie Manufacturing Company. In other words, instead of plaintiffs and the defendant Beck sharing the profits on a 55-45 basis, the profits are now to be shared on the basis of 45% to defendant Beck (his agreed share) and the remaining 55% to plaintiffs and Beattie Manufacturing Company (5% to plaintiffs and 50% to Beattie).
By way of illustration: If $100,000 were received from Beattie Manufacturing Company, a profit of $200,000 is indicated. Of this profit plaintiffs would be entitled to a credit of 55% or $110,000 and defendant Beck would be entitled to 45% or $90,000. As Beattie Manufacturing Company would take 50% or $100,000, that amount would have to be deducted from plaintiffs’ credit of $110,000, leaving them $10,000. They would be entitled to $10,000 or 10% of the $100,000 received from Beattie Manufacturing Company and Beck would be entitled to 90% or the $90,000 he would have received had plaintiffs lived up to their agreement.
Accordingly, we are of the opinion that on the accounting plaintiffs are entitled to 10% of the amount received from Beattie Manufacturing Company and the defendant Beck to 90%.
The judgment should be modified accordingly, and the order denying resettlement affirmed.